# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: August 22, 2024)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DANIEL FERRARI | * | |
| | * | No. 19-93V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Anne Carrion Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
Meghan Murphy, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On January 17, 2019, Daniel Ferrari ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleges that as a result of an influenza ("flu") vaccination administered on September 30, 2016, he suffered transverse myelitis ("TM"). Petition at 1, 5 (ECF No. 1). On January 5, 2024, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 137).

On April 5, 2024, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 142). Petitioner requests compensation in the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

amount of $179,021.05, representing $131,280.10 in attorneys' fees and $47,740.95 in costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that $276.55 in costs were incurred. Exhibit (Ex.) 96. Respondent filed his response on April 15, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 143). Petitioner did not file a reply thereafter.

On August 5, 2024, petitioner filed a motion to amend their Fees App., only regarding the mailing address to where compensation will be forwarded, which was granted on August 7, 2024. ECF Nos. 145-146. On August 8, 2024, the undersigned ordered petitioner to submit additional documentation to support his motion. ECF No. 147. On August 12, 2024, petitioner filed the requested documentation. ECF No. 148.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $178,712.60.**

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for their attorneys at mctlaw: Ms. Anne Toale: $420.00 per hour for work performed in 2019, $445.00 per hour for work performed in 2020, $475.00 per hour for work performed in 2021, $500.00 per hour for work performed in 2022, $535.00 per hour for work performed in 2023, and $570.00 per hour for work performed in 2024; for Mr. Altom Maglio: $362.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2019; for Ms. Diane Stadelnikas, $359.00 per hour for work performed in 2016, $490.00 per hour for work performed in 2022, and $525.00 per hour for work performed in 2023; and for Mr. Joseph Vuckovich: $290.00 per hour for work performed in 2017, $300.00 per hour for work performed in 2018, and $320.00 per hour for work performed in 2019. The undersigned finds the rates requested (including newly-requested rates specific to Ms. Anne Toale) are consistent with what counsel has previously been awarded for her Vaccine Program work, and finds them to be reasonable herein. Smith v. Sec'y of Health & Human Servs., No. 21-1448V, 2024 WL 1254347 (Fed. Cl. Spec. Mstr. Feb. 29, 2024); Franklin v. Sec'y of Health & Human Servs., No. 21-885V, 2023 WL 6388242 (Fed. Cl. Spec. Mstr. Sept. 7, 2023).

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $ 131,280.10.

### b.  Attorneys' Costs

Petitioner requests a total of $47,740.95 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, legal research fees, costs related to client visits including: car rentals, flight, baggage fees, hotel, fuel, and meal expenses, life care planning services provided by Life Care Consultants, and expert services provided by Dr. Carlo Tornatore. Ex. 95 at 1-4. Petitioner requests a total $17,775.00 for 39.5 hours of expert services provided by Dr. Tornatore, billed at a rate of $450.00 per hour. *Id.* at 175. I find the majority of these costs to be reasonable, with the exception of the requested life care planner-associated fees.

Petitioner requests $24,520.20 for costs from Life Care Consultants, which billed at a rate between $110 - $195 per hour. This includes a $6,500.00 retainer fee, 190.85 hours, and services related to the client visit including: a car service, hotel expenses, and meal expenses. "Fees for experts are subject to the same reasonableness standard as fees for attorneys." See Baker v. Sec'y of Health & Human Servs., No. 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb 24, 2005). I find it necessary to reduce Petitioner's request for costs regarding Life Care Consultants for their billed travel time.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half the applicable hourly rate. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of Health & Human Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). The invoice submitted by Life Care Consultants reflects a total of 12 hours billed for travel time. Ex. 95 at 157-158. While the departing trip (six hours) was billed at one-half of the applicable hourly rate ($97.50 per hour), the return trip (six hours) was billed at the full rate of $195.00 per hour. As experts are held to the same reasonableness standards for their fees as attorneys, the undersigned hereby reduces the hours billed for the life care planner's return travel by 50 percent, reducing the costs to be awarded by $585.00. Petitioner is therefore awarded final costs of $47,155.95.

Petitioner requests a total of $276.55 for costs he incurred related to pursing this case. Fees App. Ex. 96 at 1. This amount is comprised of postage and costs accounting costs related to copies of his tax return. I find these costs to be reasonable and will award them in full.

4

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $131,280.10 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$131,280.10** |
| | |
| Attorneys' Costs Requested | $47,740.95 |
| (Reduction of Costs) | ($585.00) |
| **Total Attorneys' Costs Awarded** | **$47,155.95** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$178,436.05** |
| | |
| Petitioner's Costs Requested | $276.55 |
| (Reduction of Costs) | - |
| **Total Petitioner's Costs Awarded** | **$276.55** |

**Accordingly, the undersigned awards $178,436.05 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, mctlaw. Pursuant to her motion to amend the Fees App., petitioner's check shall be forwarded to mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota FL, 34236. The undersigned awards $276.55 in personal costs incurred, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.